[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, the Town of Thompson, its Water Pollution Control Authority, and Board of Finance, move to dismiss the plaintiffs' application for a temporary and permanent injunction to bar installation of a sanitary sewer system in the historical CT Page 5511 district of Thompson, known as Thompson Hill. The basis for this motion is the purported failure to exhaust administrative remedies and to join the State Department of Environmental Protection (DEP) as a defendant to this action.
In October 1993, the DEP ordered the Town to prepare a sanitary needs study for the area in question. The Town appealed but resolved the appeal by way of a consent order, dated March 24, 1994. Under that order, the Town was obligated to take certain remedial actions involving the analysis the need to expand sanitary sewers into this area and the manner of installation of such a system. The plaintiffs never intervened in this process nor did anyone appeal from the consent order. On March 20, 1998, the plaintiffs began this suit to enjoin implementation of that order. The DEP was not made a defendant to this suit.
The court concludes that the DEP is an indispensable party to this action. A party is indispensable when it has such an interest that a final adjudication cannot be made without affecting the interests of that party or leaving the controversy in such a state that final disposition is inconsistent with equity and good conscience. Raph v. Vogeler, 45 Conn. App. 56, 58
(1997).
The consent order requires the Town to construct sewers in the Thompson Hill section in accordance with a schedule approved by the DEP. It is compliance with this order and schedule which the plaintiffs seek to thwart. Without participation of the DEP in this action, the Town may confront the prospect of disobeying either the DEP or the court, if the court should grant the relief sought. Creation of this dilemma ought to be avoided in equity and good conscience if possible. The inclusion of the DEP as a party in this action would eliminate this possibility because the court would have the power to suspend or vacate the DEP order as part of the equitable relief ordered. Because the court is being asked to enjoin compliance with the DEP order, that department is an indispensable party to this suit.
Nonjoinder does not demand dismissal, however, Wilton v. NewHaven, 233 Conn. 701, 721 (1995). Instead, the court may decline to proceed until and unless the indispensable party is joined. Id. The appropriate remedy for nonjoinder is set forth in P.B. §§ 9-18 and 9-19. Those rules provide that the court has the power to require the presence of the missing party. The court CT Page 5512 finds that justice requires exercise of that power and orders the plaintiffs to summons the DEP to appear as a defendant to answer their claims.
The court defers ruling on the other issues raised by the motion to dismiss in order to allow the DEP the opportunity to appear and address these issues.
Sferrazza, J.